NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0485n.06

No. 21-3066

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 26, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DAVID VANCE, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| VILLAGE OF HIGHLAND HILLS, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: CLAY, GIBBONS, and BUSH, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Appellant Village of Highland Hills hired Appellee David Vance as a firefighter in 2014. Vance worked overtime but was not paid for it. In fact, the Village's fire chief admitted in a deposition that "to [his] knowledge nobody was paid overtime within our department." Because Vance was not paid overtime, he is owed backpay for that overtime plus liquidated damages. These facts are not in dispute.

What the parties do dispute is how much Vance is owed. The Village believes it has established a qualifying work period under the Fair Labor Standards Act (FLSA) that would entitle it to a statutory exemption from *some* overtime pay, resulting in the Village owing Vance $11,220.25 in overtime and $11,220.25 in liquidated damages, for a total of $22,440.50. Vance believes that the Village is not entitled to this exemption and, thus, owes him $25,080.45 in overtime and $25,080.45 in liquidated damages, for a total of $50,160.90.

Vance filed suit in January 2020, alleging these overtime violations and seeking compensation he believed was due to him. The Village answered with several affirmative defenses, including that it qualified for the exemption for overtime for public safety officers set out in the FLSA, 29 U.S.C. § 207(k). The district court ruled in Vance's favor, finding that the Village did not establish the 28-day work period required by § 207(k). We agree.

In FLSA cases, we review "the district court's underlying findings of fact for clear error but review de novo the district court's application to those facts of the legal standards contained in statutes, regulations, and caselaw." *Sec'y of Lab., U.S. Dep't of Lab. v. 3Re.com, Inc.*, 317 F.3d 534, 537 (6th Cir. 2003) (quoting *Brock v. City of Cincinnati*, 236 F.3d 793, 800 (6th Cir. 2001)).

The parties disagree about whether the issue before us is one of fact or law. The "key issue" here is "whether [the Village] actually established or implemented a 28-day overtime period" as required by the statute and whether any such policy applied to Vance. *Vance v. Vill. of Highland Hills*, No. 1:20-CV-00152, 2020 WL 7490100, at *2 (N.D. Ohio Dec. 21, 2020). Like the facts that no overtime was paid and that the Village qualifies as a public agency under the FLSA, this is a factual determination necessary for us to arrive at the legal conclusion that the Village did or did not qualify for the § 207(k) exemption.

Because this is a factual determination, we accept the district court's findings unless they are clearly erroneous. *Ale v. Tenn. Valley Auth.*, 269 F.3d 680, 688 (6th Cir. 2001) (citations omitted). "Clear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

Under the FLSA, employees working more than forty hours in a seven-day period are generally entitled to time-and-a-half overtime. 29 U.S.C. § 207(a). Congress, however, specifically eased this burden on public safety agencies, including fire departments, to accommodate the "inherently unpredictable nature of firefighting and police work." *O'Brien v. Town of Agawam*, 350 F.3d 279, 290 (1st Cir. 2003).

The relevant statutory section is § 207(k), which allows public safety organizations to have work periods longer than seven days:

> No public agency shall be deemed to have violated subsection (a) with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if—
>
> (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or
>
> (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days,
>
> compensation at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(k). In other words, "the longer the work period, the more likely it is that days of calm will offset the inevitable emergencies[.]" *O'Brien*, 350 F.3d at 290.

The Village "bears the burden of proving it adopted a work period that brings it within the rule of § 207(k)." *Brock*, 236 F.3d at 810. Based on the stipulated facts, the district court found that the Village did not meet this burden. The Village did provide evidence that its personnel manual calls for a 28-day pay period for public safety employees and for the payment of overtime,

but both parties stipulated that this policy was not applied to Vance. The fire chief himself acknowledged this, noting both that a previous fire chief "used to tell us, you guys can work as much as you want, but you're not going to get paid overtime . . ." and that "[t]o my knowledge nobody was paid overtime within our department." This led the district court to find that the Village "did not establish a 28-day work period as the § 207(k) exemption required[,]" and "[t]here is no indication that the fire department ever actually followed the employee manual policy with respect to [Vance]." *Vance*, 2020 WL 7490100, at *2–3. This conclusion is well-supported by the record, and it was not erroneous. We affirm.